The last case today is case number 415-0340. That's Don Evancis, did I pronounce that correctly, versus Griffith. And for the appellant, we have Brendan Bukowski and for the appellee, Aaron Galloway. Mr. Bukowski. We're here today on what I believe to be a simple case for your honors. Ultimately, first off, let me begin, I want to thank you for hearing us out today. I want to thank you all for taking these certified questions, these questions of law that were certified by the trial court. It does mean a lot to myself and I know it does the appellee as well. I hope to be able to answer all of your questions today. I do, as I said, believe that this is a simple issue of jurisdiction at the end of the day. There are three certified questions because obviously they all relate to the issue of jurisdiction and when a court can or cannot enter an extension of a plenary no-stalking order. If obviously in this case the order had expired some 33 days prior to the motion for extension being heard, which of course, your honors, the next question is well if a court lacks jurisdiction after an order expires, is there anything that would toll the expiration of that order for purposes of a court reinvesting itself or that is never losing that jurisdiction? And that's why that's the first certified question. Whether under the provisions of 21-105, the filing of a motion for extension of a plenary no-stalking order tolls the expiration of that order. I think it's important to note here that Appellee has not, I believe, has forfeited or waived this argument for purposes of appeal. I have not addressed it in her response brief. That said, as the court obviously is well aware, that doesn't end the inquiry for your honors, so I just will address it briefly. Concerning the existence or non-existence of a tolling provision, tolling provisions are creatures of statute. The same statute that infested the court with jurisdiction in the first place would be the same statute that would possess or create a tolling provision that would allow a court to have jurisdiction after the expiration of the order. Your honors are familiar with the Stalking No-Contact Order Act. There is no statutory provision that would allow for a tolling of the expiration of an order, and therein, the divestment of the trial court with jurisdiction. Obviously, it is cited in my brief, and I would adopt those arguments for purposes of today's argument. But if the legislature sought to make exceptions for individuals who had motions for extensions heard following the expiration of an order, it obviously would have provided for that. It obviously had the ability to know whether or not a tolling would happen. Obviously, the fact that, as was referenced in the trial court transcript, one of the issues, one of the things that the court cited to as a matter of public policy was that individuals representing themselves might not be aware of that, and so for that reason, it's very likely that hearing on a motion to extend might happen after the expiration. This is not something that I'm sure the legislature wasn't aware of or didn't know could happen, and had the legislature envisioned there to be a tolling of the expiration, the legislature would have thrown in that provision. Are you trying to give the legislature more credit than they're due? That's a very good question. I often do not. I think it's often frequently hard to give the legislature a whole lot of credit, period. That is that, how would that set, if you refer yourself to Bishop v. Rhodes, the court found that it had the legislature sought to make exceptions for purposes of tolling. The legislature would have done so. I do think that when you pass an act like this, especially with the history that we have with, shall I say, the sister act of that is the Domestic Violence Act with orders of protection and that sort of thing, the legislature is certainly aware of the fact that there could be extensions that are sought following the expiration of an order. I don't think that that's giving them too much credit, but maybe I'm wrong on that, and I've been often wrong when it comes to the legislature, unfortunately. The second thing that brings us to whether or not the court has jurisdiction following the expiration, and again, the second issue, whether under the provisions of 21-105, the court has jurisdiction to extend a plenary order after that order expires. If there is no tolling provision, does a court have jurisdiction or doesn't it have jurisdiction following the expiration of that order? And I think the answer is pretty plain on its face. It doesn't have jurisdiction. How did the Lutz court do it, then? Well, and I think that that's an interesting point. The Lutz court, and this is a good point that I wish to make, the Lutz court, our court, the 4th District, found that the passage of mere hours of time was de minimis. And that de minimis passage of time, really, the order expired at 9.20 in the morning, and the plenary order was heard and actually entered, I should say heard before the entering of the order at 2.20 in the afternoon. So arguably, the petitioner in that case was afforded an opportunity to be heard on the motion of re-extension before 2.20, but let's assume that everything was just summed summarily. That's five hours. Five hours. The Lutz court obviously dealt with the Domestic Violence Act, not the Stock and No Contact Order Act, but the provisions governing extensions mirror each other. So I think it's important to talk about that, just to reference that. That said, here you have a motion for extension. Now what, again, why it's important to point out that that was under the Domestic Violence Act? I should go without saying that domestic violence and the reasons why there are orders of protection in the first place is in the public interest, to protect individuals. And that speaks, that should go without saying that individuals willing to abuse, harass, threaten family members pose a greater danger to the public than does somebody who, such as in this case, might be a next-door neighbor. That said, I think the court obviously took that purpose into account, that is the purpose of the Domestic Violence Act in relation to orders of protection, when finding that a five-hour passage of time was a de minimis amount of time. Well, the trial court here said there's no such thing as de minimis jurisdiction. It strikes me as maybe having some validity. Well, and here's the thing. I agree with the trial court. I do think that a court has jurisdiction or doesn't have jurisdiction. I appreciate that. I think in the instances of extreme public interest, of protecting an individual, like under the Domestic Violence Act in the last case, I don't think that it's too far of a stretch to say five hours, you know, if the burden isn't so great on somebody after five hours. This is a de minimis issue in that instance. So then you agree that you can have de minimis jurisdiction. I don't. Well, personally, I think that a court has jurisdiction or it does not. So I don't agree with that decision. Well, do you think Lutz was wrongly decided then? I do think that Lutz was wrongly decided because I do think a court has jurisdiction or it does not. I would say it's okay to say that. None of us were on the court in 2000 anyway. That said, though, let's assume even if it was. I see why it was decided the way that it was, because of the public interest at stake in that of protecting family members. And I get that. I understand that. In this case, Lutz is inapplicable. We're talking a difference of five hours versus 33 days. 33 days. Nobody could say that that would be a de minimis period of time. It would be hard for anybody with a straight face to argue that. The 33 days is obviously not a de minimis period of time, assuming that Lutz was correctly decided. And so you get into a situation where, and even in the appellee's brief, they acknowledge during this 33 days, they saw that they're not asking for protection from the court during this time, which kind of begs the question of, well, was there an order to enforce in the first place? And if not, how can it possibly be extended if you're not even seeking its protections during this time? And what would happen in that instance where you file for an extension, the order expires, the court has no jurisdiction after that point, and then there's a violation of that order. Sheriff's deputies are called out, they look at it, and the respondent shows them that order of protection and says, well, actually, it expired last week. What would happen in that instance? Because the court has no jurisdiction. Counsel, I anticipate, would argue in that instance then that there would be a situation in which it would be, and it makes several arguments in her brief, in relation to, in that instance then, it would be that counsel's position is that, in accordance with the Lutz decision, this is in keeping with the purpose of the act, that it's protecting individuals who weren't previously afforded protection under the Domestic Violence Act for want of being family or household members. It's an argument well taken, but the argument only goes so far because it assumes that then there wouldn't be any protections, period. And we all know that that's not the case. When a court lacks jurisdiction, it can't enter an order, but that doesn't prevent the petitioner from filing a new petition for emergency or plenary, no stalking, no contact order. And during that time, prior to its hearing, there would not be any protection, just as counsel was not seeking any protection during those 33 days. Now, counsel, in his brief, argues that filing for a new petition, that this would be in part and parcel with these owner's pleading requirements. I think a couple of things, again, I think this is another argument that takes a, it's hard to make with a straight face, and the reason why, if you refer to yourself to the Record on Appeal and you look at the original petition for an emergency no stalking order, it has greater detail in it than does the motion for extension. And the information that's in the emergency petition for no stalking order, how much more additional information is really on there? We have the respondent's name, and you have his address. Besides that, is there a whole lot of additional information on there? There's not. If that's an owner's pleading requirement, then I don't know why we require people to put captions on cases and filings at all. Again, I don't think that that's an argument that holds water for that purpose. Furthermore, if the statutory purpose were to be frustrated by the court losing jurisdiction after an order expires, and again, maybe I'm giving the legislature too much deference here, would the legislature not have included a tolling provision? It's the legislature's purpose in passing this statute to which counsel is referring. And this is obviously a predictable instance or a predictable situation where somebody might file a motion to extend and the order expire, the court loses jurisdiction. Why would they not include a tolling provision if they thought that that same situation would frustrate that statutory purpose? They haven't. And we have to refer ourselves to the statute and to the plain meaning of it. And when doing that, it's really tough to read into that statute that the court somehow has jurisdiction for an extended period of time after an order expires. Maybe they read Lutz and decided they didn't need to change the statute based upon the Lutz interpretation. Well, if that's a true case, then absolutely, more power to them. Thirty-three days versus five hours. There you go. If that's what the legislature had in mind and read Lutz and said, hey, this is a de minimis period of time, then certainly the legislature, we can't conclude that the legislature thought to mean that 33 days was equal to five hours. Five hours? We'll go six. That's basically a day accounting for lunch when the court starts 9 to noon, 1 to 4.30, 1.30 to 4.30, thereabout in most counties. So if the purpose isn't frustrated by requiring a petitioner, or that is by requiring a petitioner when a court loses jurisdiction, and again, if that frustrates the purpose, then the purpose of every statute is frustrating. If the court losing jurisdiction after an order expires frustrates the purpose of what we're all here to do, whether it be judges or lawyers or the legislature, then why don't courts, why aren't they invested with infinite jurisdiction? That would be the best and logical conclusion, wouldn't it? That infinite jurisdiction is the best way to make sure that no statutory purpose ever is frustrated under any circumstances. And that's kind of the logical conclusion that counsel makes in her brief. Counsel makes an argument, or there is an argument in her brief, in relation to that having to file a new emergency petition for a stocking no-contact order is not in the interest of judicial economy. I'm sympathetic to, or empathetic to, the interest of judicial economy, and I appreciate that certainly no deputy circuit clerk wants to open another file and put on the same names as was on this old file for which the court has no jurisdiction anymore. Certainly having to add information like an address and that sort of thing can't be really seen as being that difficult. That doesn't mean, that's kind of akin to saying that, well, if a petitioner were required, if the main argument there is that the judge who heard the emergency petition and plenary petition is in the best position to grant the motion to extend, that argument is very well taken. It kind of ignores the fact, however, that with a motion to extend and with a new petition being filed, the petitioner still bears the burden. And that burden has to be there no matter what. And if Judge A enters the plenary order of protection, and here's the evidence for that, and Judge B hears the new emergency petition for an emergency status stocking no contact order, there's nothing that stops anybody from saying, Judge B, I'd ask that you take judicial notice of the filing in Judge A's case and of the basis that they're in. There's absolutely no harm in doing that. And does that impose on Judge B, then, such a burden that judicial economy considerations should overshadow the expiration of an order? I argue not. I argue that if that's the consideration, that if that's what we're, if that's the judicial economy's ultimately the end result, the ultimate main concern, then we shouldn't have orders that expire. We shouldn't have courts that don't have jurisdiction anymore. Let's allow courts that have infinite jurisdiction. And that's, again, the logical conclusion of the Attlee's arguments. Counsel, in this case, the trial court entered an order that was to be in effect pending this appeal. Is that correct? That's correct. So is that order still in effect? Yes. That order was, and we didn't supplement the record, that order was due to expire in August. The court made clear, as your Honor is aware from the record, because somebody's asking for protection, I'm going to protect them pending an appeal, period. That's it. The order was then entered. It expired in August. Prior to its expiration, we agreed to another interim order because I believe, if it wasn't by that date, it was shortly around that time that we had an idea of when oral arguments would be. So, yes, the petitioner still has the interim order that the court required to be in effect. And does that have an expiration date currently? I believe it does. Because if I have it in my file, in relation to the expiration of the interim order, I can tell you that I believe that the interim order is probably due to expire 1-15-2016. So that would actually be two years after the initial entry of the order. So if we were to adopt your position, then we would need to vacate that interim order? We would. We would. And I don't think that, and again, that the court made a finding that this is without prejudice for purposes of filing the appeal. And I do think that, and again, I want to thank your Honors for taking this court, for taking these certified questions, because I do think this is an important issue. Just to clarify, if we agreed with your position, you're saying we should vacate the order or remand it to the circuit court to vacate the order? Good point. I think remanding it to the circuit court to vacate the order is the most appropriate action to take. I realize that this court has authority and power to just summarily vacate the order, I believe. I do think that remanding it to the court with directions to vacate it is certainly probably the most fitting solution. That then brings us, then, to the third question of whether or not, if there is a tolling provision, whether or not petitioner's motion to extend was sufficient to trigger that tolling. Again, as stated, I don't think anybody here could really realistically say there is any tolling provision. In Annapolis brief, it doesn't argue any tolling, but in addition, it does argue this point to a certain extent as far as the adequacy, if you will, of the motion to extend. In relation to that motion to extend, you'll notice it does recite just simply the language of the statute. There's been no material change in circumstances, period. That is under the section C of the statute. Under the circumstances of there being no material change in circumstances, a motion to extend may be granted. Under those circumstances, then, it then adds, I'm fearful that his conduct will continue, or words to that effect. Frankly, your honors, I think that it just simply recites the statute, and that portion of the statute applies to uncontested motions. That is, that there's no material change in circumstances. The allegations that I'm fearful, without anything further, document that it does not inform of any evidence, it does not inform of any claim to which the respondent is to defend against. And furthermore, even if it did, there is no tolling provision. And without a tolling provision, the order is expired, and therefore the court doesn't have jurisdiction to entertain the motion. Have I answered everyone's questions so far? I see I'm almost out of time. So I want to thank you again for giving us the opportunity to be heard today. Okay, you'll have rebuttal. Thank you. Mr. Galloway. Yes, sir. May it please the court. I am Aaron Galloway. I represent the petitioner in the case, the Advances, Don Advances. In thinking about the matter further, even after the brief, I think part of the concern here is when you start talking about jurisdiction, that is a loaded term. What does jurisdiction mean? Well, the Constitution, the Illinois Constitution, circuit courts have jurisdiction over all justiciable matters. The question is, was it filed in the correct court? Yes, it was. The case cited by the respondent, and that would be People v. Nelson, that was prior to Illinois ratifying the Constitution in 1970. That was a 1965 case. And that argument that the courts only have jurisdiction by statute, that's gone now. Under the Constitution today, the circuit court has jurisdiction. So I don't think I touched on that in my brief fully. I used the term jurisdiction. In hindsight, I should have used the term authority. Does the court have authority to enter an extended order after the order of protection has expired? That would have been the better term to use, because the court plainly had jurisdiction here. In fact, they had jurisdiction the first time. They would have maintained it the entire time. So once that order expires, does the court have authority? Yes, it does, under Lutz. And even if you throw it out and you think big picture how to apply the law, it would still have authority. So in the argument about de minimis time, had I shown up here at 3.15, I'm willing to bet that Your Honors would not have considered that de minimis. De minimis depends on the facts and circumstances. If I show up for work at noon, I'm going to have a problem. If I show up at 8.01 a.m., my employer is not going to throw me out of the door. So de minimis isn't just, okay, we have five hours, we have 33 days. De minimis depends on the facts and circumstances. That is a decision for the trial court to make. That is the trial court's discretion. And that's consistent with Lutz. That's what Lutz did, and I think Lutz was straight on point. And the scheme of the act is the exact same that we have here. The language is the same. The General Assembly knew that. This act was passed after Lutz. That is the law. So I wish I had touched on that more. Admittedly, I probably should have thought of it sooner. But I bring it to your attention because I think that's the law. Well, I'm not sure I'm following you. You're saying you should have used the term authority rather than jurisdiction. What's the difference? The difference is, is does the court, is it a justiciable matter? That's jurisdiction. I think when we start talking authority, or does the court have the power, based upon the statute, I think the court can still hear the case. Now, it was not heard until 33 days after the motion was filed. The motion was filed before the order expired. The court could have looked at me and said, Mr. Galloway, nothing has happened in the last 33 days since this order expired. I don't think we need this order. Nothing bad has happened. But the court still gets to hear that controversy. It still has jurisdiction. So I think that is, and that's when we start getting into the argument about does the court have the authority? Does the General Assembly mean to restrict the court? And that's when we start touching on tolling. And I did touch on that in my brief, and I said it simply doesn't apply. And here's why tolling doesn't apply. I never sought to enforce this order during the time that it was expired. That's tolling. The statute cited by the respondent in the case 730 ILCS 5-5-6-4, that talks about tolling supervision, conditional discharge, probation. Those are things that are still in effect after they were set to expire. That's not what we did here. So that is tolling. And all the case law that talks about the statute of limitations analysis, that doesn't apply either. Why? Because there's no statute in the No Stalking No Contact Act that says you must file a claim within two years. That's what all the statutory provisions say. If you look at Illinois Bell Telephone Company, Dow Chemical, Fisher v. Rhodes, those deal with cases when the statute says you are barred from making a claim after a certain time period. Nowhere in this statute, in this scheme, does it say that a petitioner is barred from filing a motion for an extension after the order is expired. How about the language in the order itself, which specifically notified your client that if an extension is sought, it needs to be filed in time so that it can be heard before the expiration of the plenary order? Why doesn't that dictate? Indeed, why couldn't we just call that the law of the case? Well, that could be the order. But the problem is the litigant is left at the mercy of the courts. There's no way they could know how to get it set in time. When we filed the motion, we got the first hearing date that we could. I thought the order said file it at least three weeks prior to the expiration to make sure you can get it set in time, which was not done. Isn't that right? Yes. Okay. But that is a matter for the trial court to decide. That doesn't divest the court of jurisdiction. And for the certified question, does the court have jurisdiction? Yes, the court has jurisdiction. Yes, the court can tell me, no, you did not file that in time. That is your problem. I'm going to deny the relief site. You need to go downstairs and file a new one. But that's the trial court. It has jurisdiction, and that's the question. Does the court have jurisdiction? Well, was there an order in effect between the expiration and the 32 days prior to the court actually heard the motion to extend? Was there an order that could be enforced during that time period? No, there was not. So how does the court revive an expired order? It does not, Your Honor. It does not revive the expired order. It can enter a stalking no contact order afterward on the extension under that statutory provision. That's what Lutz says. I mean, in Lutz, it was already expired, and they still extended it. And that is the best result, because litigants aren't always going to be able to say, I know the court's calendar. I can get this set in time. What if witnesses are unavailable? What if they can't make it that day? What if the snow, there's a snow day, and you're hearing it was set the day before it expires. Court's out of session. Sorry. No jurisdiction. You're on your own. You've got to go refile and start somewhere else. That's not practical. That can't have been what the General Assembly intended. They can't have intended. And not only that, the Constitution is where the jurisdiction comes from, not the statute. This is a justiciable matter. The question is, is there a justiciable matter? That's the question today. Yes, there is. The court could have denied me the relief I sought. That was the court's discretion, the trial court's discretion. But it makes no sense whatsoever that if there are circumstances beyond somebody's control, and not to mention facts that can arise right before an order is set to expire, which is what happened here. So when there are facts that arise, and I look at the case as the attorney, I say, you know, I think I have a better basis here. We need to extend this. Why should they be denied the relief? That's up to the trial court to decide. The trial court has jurisdiction to make that determination. If it abuses its discretion, then it could be reversed. Is there any case that you can cite that adopts what seems to me to be an expanded definition of jurisdiction that you're arguing today? Other than the language of Article VI of the Constitution, no. There was nothing that I had cited in my brief. I don't have that in front of me. Read that, would you please? If you've got it, I can look it up. I'm sorry. I did not print that out. Okay. But the language in Article VI is different from the language of the And so did you argue this below? No, I did not. Oh, I argued the jurisdiction. I argued Lutz. I strictly relied on Lutz at the trial court. I believe that Lutz was the right decision. I don't think that Lutz necessarily touched on jurisdiction. I don't think Lutz even mentioned jurisdiction. Which would be consistent with what I'm arguing because it's not a jurisdictional question. And to be frank, when I was at the trial court, I adopted the language that everyone else was using, which was jurisdiction. And as I started to think about it more afterwards, it made no sense that it was a ruling on jurisdiction. That comes from the Constitution. This is a question of the trial court and what relief is appropriate under the statute. And did you argue the constitutional issue in your brief? No, I did not. But in relying on Lutz, Lutz applied the law correctly. They didn't talk about jurisdiction because that's not the issue. The issue is whether the court has the power under the statute. And I'm not talking power to hear the case. I'm sorry. I'm talking about power to give the relief sought. Those are two different issues. And Lutz said yes that they do. And if you look at the language of the statute, and we're talking about the sentence that he says only applies to uncontested motions, the motion that I filed was consistent. I looked right at the statute when I prepared that motion to extend. And I did that for a reason because I didn't want to have a problem with pleading. In the language, the one word that's left out when you talk about the first sentence to the second sentence, if, if a motion is uncontested, then it could be based merely upon the motion or affidavit. Meaning, in this judicial economy, it makes sense. If it's uncontested, you've got the motion which says there's been no material change of circumstances. I would like to continue this. I'm afraid that the conduct will resume. We don't have to square you in, put you on the stand, and hold up all the other cases waiting. It's uncontested. You have a sworn affidavit. If someone lied, you could come back and attack the affidavit. That's sort of judicial economy. That makes sense. So that word, if, that's what that does. That does not mean, and here's what the legislature would have said if their interpretation is adopted, if there's an uncontested hearing or extension, then you could go to court, you file this motion or affidavit saying there's been no material change of circumstances. That's not what it says. The statute says that you can have the extension on the basis of no change of material circumstances, and the affidavit alone is enough if it's uncontested. We don't know whether it's going to be contested or not until the day we show up at 1.30 p.m. for the hearing. I can call the person and say, hey, are you going to contest this? They might say yes or no. But until they show up at court, I don't know that. So it doesn't make sense that that's the law. How could I know it's going to be uncontested until the day I show up? That's why you file the motion, as I did, and it puts the other party on notice. They know. This was a contested issue, and in the brief they argue that Lutz is different because that was a stipulation of facts, whereas here we had a contested hearing. You want to talk about knowing the issues, have a contested hearing for a couple hours. You're going to know the testimony. You're going to know the issues. That's how you know. This isn't a one sentence that was filed initially, a stipulation of facts that does not appear on the record. This was something that everybody was familiar with. So putting the party on notice, have we done that? Yes, we did. We said the material circumstances are materially the same. That puts them on notice. What we fought about last year, we're going to fight about again. Now, the court could have limited me on any additional facts. In Lutz, it's important, Lutz extended it on the basis of the original order of protection. Not on any new facts, but on the basis of the original one. I could have shown up that day and relied simply on what happened the first time. I didn't have to allege anything new for my extension based upon the statute and based upon Lutz interpreting the statute. So our position is that we did what was required. If there was something that was more onerous on the parties, this would be the problem. Let's say that a litigant files the motion six weeks in advance. They set the hearing. The other attorney gets involved. They ask for a continuance. They could write it out, wait until the order expires, or hope there's a snow day, hope a witness is unavailable and doesn't show up. Now they let the order expire. And they know that now I'm going to have to file a new case. If I file a new case, I guarantee the first thing the respondent is going to do is substitute the judge and get a different judge. That's the effect. That's where we start talking about judicial economy. We're going to have multiple cases. You get a taste of what the judge is going to do, see if you can write out the expiration, get a continuance, write it out, and then get a new judge, and then we have multiple cases. It makes no sense. To adopt the Lutz interpretation, that's what makes the most sense. We're keeping the cases where they were, judges familiar with the files. We're not having to order transcripts all the time and asking the court to take judicial notice of all the findings that were made of record. Otherwise, the judges, maybe they'll have to start issuing written opinions to cover all the things just in case there's a snow day in February and the motion has to be extended beyond the termination date. So Lutz got it right. Stalking no contact order or the statute is the scheme is identical. And I believe that the trial court here got it right. I have no further arguments, but I will take any questions. Counsel, I don't see any questions. Thank you for your argument. Is there any rebuttal? There is. Okay. Thank you. If I might, concerning the last argument about judicial economy, if the No Stalking Order Act passed in 2010, no stalking order was entered in 2010, it's now 2015, we're here now on the second motion to extend, and whether or not that motion with the evidence was sufficient for purposes of that. That's not in the interest of judicial economy either, because when we speak about judicial economy, we're not just speaking about trial courts. First off, the order that the court references, and I would refer your honors to the page C period 11 of the record on appeal, this order can be extended upon notice filed in the office of the clerk of this court and hearing held prior to the expiration of this order. And the immediate sentence before that, and I apologize for reading. I know that that's frowned upon. A petitioner, to ensure adequate time for hearing, it does say three weeks, and that is on page C11 and on page 4 of the order itself. That's the first thing I think is important to point out. I guess for the record, I would object to new arguments that were not raised in the briefs. That said, obviously your honors can consider what you wish. In relation then to a couple of counsel's arguments, I think it's important to point out the Lutz decision did not base the extension, that is the trial court did not base the extension of the plenary order of protection in that case, solely on the plenary hearing that was held back in the day. If you review the Lutz case, as I'm sure counsel has, the Lutz court makes absolutely clear that the trial court in that case relied on testimony of a violation of that order, and therein granted the extension. That said, that the Lutz court wrote in its decision, it could have simply relied on the petition. It's not saying the same thing as saying that the trial court relied solely on the petition. I want to make sure that that's clear to all parties involved. Counsel did, I think, mistake the law in relation to orders to, that is petitions to revoke of community-based sentence as was referenced in my initial brief. A petition to revoke holds the expiration of the sentence to probation, conditional discharge, or supervision, period. The orders of probation, conditional discharge, supervision are for finite, fixed periods of time, as was the order in this case. But for the filing of a petition to revoke, that order is not ongoing. Once the expiration, once that probation, CD, or supervision expires, the person is no longer on probation, CD, or supervision. It doesn't keep on going, and neither does a plenary no-stalking order. I do think one thing I did not touch upon that I would ask your honors to consider in the trial court, the court made a finding that extending the order would show no prejudice. Obviously, jurisdiction is not based on prejudice to a party. In addition, counsel maintains that there is no order in effect at the time, here today, to your honors. There is, therefore, nothing to extend if there is no order in effect. And finally, last but not least, the reasonable interpretation, as was raised in the reply brief, is that the statute governing duration and extensions allows for orders to last for two years, and they may be extended, as need be, or by the court upon filing. Okay, so if we can't extend it, can we nevertheless renew it? Well, I think what the reasonable interpretation is, that is both in keeping with my position and the petitioner's position, frankly, I believe, position in this case, is that orders are good for two years. If you give somebody an order for six months, and they file a motion for extension, you can give them a year and a half. But they're good for two years. That's the deadline. That's the time frame on it. And I think that's the most reasonable interpretation that's in keeping with everything that's cited in counsel's brief, as well as in my brief. That said, that still doesn't answer the question of when an order is expired, the order is expired, and no order is in effect, and therefore nothing can be extended. Again, thank you very much. I don't know, does anyone have any questions or anything? Thank you very much. I see none. Thanks to both of you. The case is submitted. The court stands in recess until further call.